Good morning, Your Honors. May it please the Court, my name is Carl Post and I represent the appellant, Andrew Abraham. Mr. Abraham is a deaf person that for multiple days was housed at the Clackamas County Jail and during his time there he was deprived of the full services and benefits of the Clackamas County Jail including medical treatment. So I understand that you originally filed the suit against the county and Corizon, correct? Correct. Settled the case against the county? Correct. So now you simply have claims against Corizon? That's correct, Your Honor. With respect to your federal claims, what I find troublesome is that both statutes seem to limit those claims to public entities. Why is Corizon a public entity? Well, I guess first I disagree that Title II of the ADA is limited just to public entities. Can I address that issue? You sure. Tell me why you fit within the ADA, why they fit within the ADA. I know your client does. Yes. The first issue is, so 42 U.S.C. section 12132 prohibits two different types of harm. The first harm only a public entity can violate and that's subjecting a qualified individual with a disability to discrimination by a public entity. But the other portion of the statute, Congress did not limit that harm to public entities. That just says that you can't exclude participation in or denying the benefits of the services, programs or activities of a public entity. Now most of the times only a public entity would have the power to exclude someone from their services, but in a very limited situation such as this where Corizon steps into the shoes of the public entity, which it is admitted that that is what it did, they are I understand why the entity would be liable for their actions under those circumstances. And indeed it appears that you've got a settlement out of the entity because of that. But where is there, where does the statute suggest that if the damage is done by the agent of a public entity, the agent is also liable? Well because only one of the provisions of the statute limits itself to a public entity. The rest of it, the other part of it left it open. It's denial of access, as you're saying, denial of access to accommodations in a public entity. And so my question is once, if they're acting as the agent of the public entity and denying you the access, are they liable? Is that your position? Yes, that is our position. And the principal is liable also? Correct. I suppose there's a double damages issue, but that's a separate issue. Once you release the principal, haven't you released the agent? No, we don't believe so. Under Oregon law, isn't the release of a principal in a case involving respondee at superior liability, release of the agent? I don't believe so. The settlement agreement would have only been releasing the claims against Clackamas County. I think you can carve out an exception to anything in a settlement. Can you release a principal and not discharge the agent at the same time as a matter of law? Well, I guess I don't have a definitive answer. I don't believe that's correct, Your Honor. But also, it's not an issue that was raised below by Corizon, and I don't think it's a defense that they can raise at this stage. And again, as I mentioned, Corizon's argument is that they stepped into the shoes of Clackamas County and provided the medical care that the jail would have otherwise had to provide itself. So they assumed the responsibility and had the power to exclude Mr. Abraham from the benefits of the services, programs, and activities of the Clackamas County Jail. And like I said, the statute is silent on, it only limits that second provision to a public entity. And so I don't think we should also impose that same limitation on the first part of the statute. And I think part of the problem is Corizon relies on several cases where kind of in dicta, the Supreme Court mentioned that Title II only applies to public bodies. One of them was the San Francisco v. Sheehan case, which the court didn't actually rule on any issues there. They actually originally granted the writ in that and then said, well now you've changed your arguments, and they briefly mentioned that Title II only applies to public bodies. But they cited the Pennsylvania Department of Corrections case to reach that conclusion. In that case, all that case held was that inmates are protected under Title II of the ADA. This argument that we're making was not in front of the Supreme Court, and I don't think the exact argument has been in front of any of the other courts, where you actually should break down the statute and look at it that way. And our interpretation of the statute is to apply the full remedial effect of the statute. And another argument that the courts, and I believe Corizon has made, is that why would you have Title III and Title II and allow private entities to be sued under both of those statutes? Well, you could say the same thing about the Rehabilitation Act and Title I, Title II, or Title III of the ADA. Entities can be liable under both of those statutes for the exact same harm, and there's overlap there. So it's not like Congress doesn't, they never have statutes that overlap. And it's a very, I mean, if we have the Venn diagram, the overlap is very tiny that we're asking for the court to apply. You mentioned other circuits. Under Title II, it seems like every circuit that has considered the definition of instrumentality under Title II's definition of public entity has held that the instrumentality means a state entity. Now, in that portion of our argument there, if you do find that it only applies to a public body, I agree. We do not have another circuit that agrees with our position. We do believe that the dissent in Edison is the appropriate position. And when you look at a very narrow application of facts such as this case, where the defendant admits they stepped into the shoes of the public entity. Yeah, I'm curious though, it seems to me that if you were trying to sue Khorizant under the ADA, Title III may have been the better or more appropriate way to do so. But you're not appealing the district courts to dismiss that claim. And I'm curious why you're not appealing that decision. Well, there we actually had a previous appeal on standing issues in the update matter. Because Mr. Abraham was released from jail at that point and can only seek injunctive relief. Well, he doesn't have standing for it unless he can show that he's going to go back to Clackamas County Jail and require medical treatment from. And so having appealed a prior case that we believe had even better facts for a standing argument after someone was released from jail and still being able to get injunctive relief. We decided that it, we were already struck down once by this court, so why do it again, I guess was our position. If we could talk about the Oregon's Public Accommodation Act. Yes. Provision, it says under that act, a place of public accommodation seems to be defined in terms of both places and services. And so I wanted to ask, why shouldn't we read that section 659A.4002 of the act as excluding the entities it lists and the services provided by those entities or in those entities. Such that the services provided by Corison in the jail is a local correction facility. Well, because if we interpret the statute that broadly, then if Mr. Abraham would have been sent to Providence, they would have been providing the medical services on behalf of the jail. And all of a sudden, Providence, who is clearly liable under this statute, would be excluded from liability just because they're treating an inmate and not someone in the general population. And that is not, the legislature did not write that exemption in here. They put an exemption in for the public body itself. And so, Corison's arguing both sides of the shield here. Under Title II, they're saying, look, we have nothing to do with- But to be fair, so are you. You're arguing that they're a public entity for purposes of the federal statutes. And then you're arguing they're a private entity for purposes of this statute. I don't blame either side for making both arguments available to it. And mostly under Title II, we're arguing that it applies to private entities in this narrow exception. But they can't prevail if you're saying it's because they're not the local correction facility, they're not the public body. If that's the court's position, then they can't be excluded from liability under both statutes. Well, I'm just reading the Oregon statute for the moment. The Oregon statute, contrary, it seems to me to express a rather clear intent. Legislatures are not very good at this. That we're not extending the protections of the statute to stuff that happens in jails. That's how, if I were looking to try to interpret what the legislators meant when they did the statute, that would be my first reading of it. Why would that reading be incorrect? Well, I believe they only intended to shield the actual local correction facility. Tell me why. There's nothing, nobody cites legislative history, so we're just dealing with the language of the statute. And the language of the statute rather clearly exempts the county from liability here. You agree? Yes. Clark-Miss County is exempted from the statute. And so why would the statute clear the county of liability but impose it on its agent? Well, because the legislature probably cares about the tax bill of the state of Oregon and the liability that the taxpayers might be paying. But a private corporation, they might not care as much about. All of the exemptions in there are strictly public bodies. But like I said, we can't extend it as far as if they send an inmate to Providence, all of a sudden Providence isn't liable under this statute. Just before your time is up, I wanted to ask, it looks like in dismissing your last federal law claim under the Rehabilitation Act on Corizon's motion for summary judgment, the court never seemed to consider whether it should exercise supplemental jurisdiction over the sole remaining state law claim under this Oregon Public Accommodation Act. Was that made clearer at any point? Well, it's my understanding the state law claim was dismissed first. The first two claims were dismissed on motions to dismiss, and then by the time we got to summary judgment, the only thing left was, so I don't know if the court . . . he already ruled on the state law claims months before . . . I was looking at the timing, it looked like it came after the Rehabilitation Act. The district court never ruled on the state law claims until the very end, right? I . . . In denying your motion to amend. Oh, the motion to amend, yes, there . . . so I guess the court had previously dismissed the state law claim because we were only seeking equitable relief, and then . . . And then you sought to amend, the magistrate judge said no, but there was still a federal claim out there. The magistrate judge then recommended dismissal of the remaining federal claim, and the district judge then wrapped it all up in a bow at the end, right? Correct. I guess maybe part of the problem was the fact that technically there wasn't a state law claim. It was, we were asking him . . . because the state law claim had been fully dismissed, we were asking him to let us bring the state law claim back in. Right. Right. So . . . I don't know what the right way to do this is, and we may not be able to. You set through an argument where we couldn't figure out how to deal with procedural stuff. Shouldn't . . . shouldn't the question of whether or not these people are covered under the state statute be something that's taken up by the state court? I . . . I agree with that. It would be ideal that, you know, part of the problem is when there is multiple defendants at the beginning or federal claims, you can't really split them up to . . . No, I understand . . . . . . decide that, but at this point, yes, I agree that ideally the Oregon courts would be the ones to decide an issue of first impression, and it wasn't something that I guess we thought of to ask the district court judge if he would refer the case to the Oregon Supreme Court. Or just . . . or just decline to exercise supplemental jurisdiction over your state law claim, because he wouldn't have had jurisdiction over it independent of the federal claims. Correct. All right. Thank you. Thank you. May it please the Court, my name is Sarah Kobach, and I'm here on behalf of the Respondent Kreisenhoff. So, I'll start with Title II of the ADA. The district court was correct. The plaintiff failed to state a claim under Title II because the ADA is structured to provide different coverage for public and private entities. Public entities are subject to Title II, and private entities are subject to Title III. And a private . . . I'm sorry, a public entity who contracts with a private entity to provide some type of governmental service, like in this case to provide medical services in a correctional facility, that public entity remains liable under Title II and responsible for the obligations under Title II. And there is a claim for relief against the public entity, but there is not a direct claim for relief against a private entity. So, you're saying that the claims should have been made under Title III against your client? Correct. That would be the correct title under the ADA. Okay. Absent the statute of limitations issue, I take it, those claims could still be brought against your client? Those claims have been dismissed, and they have not been appealed. The Title III claims? Yes. The Title III claims were dismissed for lack of standing, and those . . . Oh, because they only gave rise to injunctive . . . Correct. So, I don't think those . . . They don't . . . Title III doesn't give rise to damages. Yeah. Okay. Gotcha. And so, I don't think those claims could be raised again. Okay. Now, there is a . . . there would be a claim . . . there was a claim against Clackamas County, and that would be where the Title II claim would exist, but not against a private entity. And all courts to have considered this issue have concluded that. So, shift to the . . . because I didn't understand your friend to be arguing very hard on that issue. Okay. He was arguing the ADA issue. Yes. He was arguing the ADA issue. Yeah. Why under the second ADA provision? Because it still is a service provided by the public entity. And so, it is a public entity that is liable for that. Even if the public entity contracts out with . . . That is correct. That is correct. The public entity is the one who is providing the service, and they remain liable under Title II. And . . . It seems like the Oregon statute can be read to suggest a different interpretation, because I am looking at section 659A.4001, for example, defines a place of a public accommodation as a place or service offered by, not in, by a public body. Why shouldn't this provision . . . why shouldn't 659A.4002, likewise, be read as excluding only those enumerated entities and the services offered by, rather than in, those entities? Yes. Thank you. So, unlike the ADA, which covers correctional facilities, Oregon law has made a different choice, and it categorically excludes certain types of places from state public accommodation requirements. Does it exclude places or types of defendants? Types of places. And the reason why we know that is, if you look at the statute, and this is, again, 659A.400, there is a single statute that defines state . . . basically, the scope of coverage under the Oregon Public Accommodation Law. Subsection 1 of that statute defines what is a public accommodation for both public and private entities. Subsection A is private entities offering a service to the public. B and C are the sections that you mentioned, Your Honor, that are public entities. All three of those subsections under the first part of the Statute A are subject to the exclusions in subsection 2. So they are . . . and that's expressed. The statute provides place of accommodation subject to the exclusions. So the limitation . . . all of the first parts of the statute that define what is a place of public accommodation under Oregon law, all of them are limited by the exclusions in subsection 2. But their argument, I take it, is that it's difficult because it's not a geographic place, but their argument is that Khorizon is a place of public accommodation. And the definition of public accommodation includes places or services. And the statute is . . . it's essentially the general definition of public accommodation under Oregon law is a place that's open to the public or a service that's offered to the public. And so to the extent that a medical clinic and a jail could be considered open to the public, we expressly excluded it. And the legislative history, in fact, did have some debate about that point. We've included it in our brief. Even though . . . because like both sides state repeatedly here throughout the briefing that medical services in the county jail are offered by Khorizon rather than the jail. So isn't that not significant? Well, the medical services are . . . we are certainly the medical provider. They are also provided by the county jail. They provide the services through us. I'm not sure if I'm understanding your question. Well, see, there seems to be a distinction in the wording of the statute of whether it's provided in or by. And I just didn't know if I'm reading that correctly because of that section 659A-401 defines a place of accommodation as a place or service offered by a public body. So why shouldn't 659A-4002 likewise be read as excluding only those enumerated entities and services offered by rather than in those entities? And I'm sorry, what was the first part of the statute that you were reading from? 659A-4001 and then there's 659A-4002. Correct. And so the first part, 1, defines a place of accommodation as any place or service offered to the public, a privilege, that's generally what's considered to cover the private entities, and then a place that's open to the public or a service that's provided by a public body. All three of those types of services, including the service provided by a private entity, is subject to the exclusions in subsection 2. I'm not sure if I'm getting your question or not, but these are categorical, the exclusions that are not subject to state public accommodation requirements. Okay. So the other question I had, what's your strongest piece of legislative history that you can point to or that demonstrates that Khorizon does not constitute a place of public accommodation? Under the Oregon statute. We've included, it would be on page 8 of our Exhibit A, I think is how we've labeled it, in our, it's not an Exhibit of Record, I guess it's an appendix. We've included the full legislative history of the statutory amendments that added these exclusions. And my difficulty with the history is it really doesn't, it doesn't deal with the issue now in front of us, which is when the legislature, when the county substitutes a private vendor for itself in providing a service, you agree that the legislative history just doesn't deal with that? It doesn't deal with it directly, but if you look at the page that I'm referring to, page 8 of the testimony, there's a debate there about whether or not jails even qualify or services in jails even qualify for public accommodations without the exclusion. And so there was a debate about, well, the meaning of a public accommodation is a place that's open to the public or a service that's open to the public or a service that's provided to the public. And is a jail open to the public? Is a medical services for inmates, is that a service that is offered to the public? And so there was some debate about whether that was even included within the, whether even fell within the scope of public accommodation, even without an exclusion. Does this even qualify as a place or a public accommodation that would qualify given the nature of jails? And so that's where it was considered. And the court decided, I'm sorry, the legislature, the Oregon legislature made the choice when it was adding the statutory exclusions to make those statutory exclusions applicable to all parts of the first part of this statute, not to limit it only to public bodies or only to services provided by public bodies. It identified certain places that simply are exempt from state public accommodation requirements without consideration or any distinction about who's providing the service. What is your contract? And this shifts a little bit. Yes. In this case, say we agree to be subject to the federal statutes. That is, that was a matter of contract between the county and Khorizon and there may be reasons for intimidate, but does it subject you to, it doesn't, no, we, we are not agreeing for part. We, that's an agreement between us and the county. That's a contractual matter. We are not agreeing to liability from outside parties. You are agreeing with the county. I take it to comply with those statutes. We are agreeing with the county to comply with the county seeking indemnification. Yes, exactly. From you for the violations for which it might be held liable, right? Exactly. Because, again, under Title II, they remain liable for the acts of a private contractor that's providing services for them. And so that liability exists whether they are the ones directly providing the service or whether they're working with a public, a private company to provide the service. Unless the Court has any further? I did have one quick question. So we asked your opponent this question. This is an issue of first impression under Oregon law. Yes. The district court really didn't have much of a chance to think about whether to exercise supplemental jurisdiction because of the procedural history of this. Should we give the court the opportunity to determine whether or not, now that it knows all the, everything that it knows, to exercise supplemental jurisdiction? They can just tell us, yes, yes, I mean to, and then we can take up the issue on appeal where it could say, oh my gosh, you're right, I should have left this to be litigated in the state court. No, I think that, I think that the district court properly wrapped up every claim in the case and they, this final state law claim was presented to the state court, I'm sorry, to the district court and the district court correctly ruled that this is simply outside of the scope of the Oregon law. Would there have been an independent basis for subject matter jurisdiction such as diversity? I believe there would have been diversity jurisdiction, correct, yes. How? Through, we are a Delaware corporation and... Would your principal place of business where? I believe, I'm, you know, I'm not sure, I'm sorry to say, I'm embarrassed to say, I'm not sure of the answer to that question, but we are a Delaware corporation and I'm not sure where our principal place of business is, but I don't believe it's Oregon. Unless the court has any questions, yes, it's a firm, thank you. I'll give you one minute to respond. Thank you, your honor. Just on the state law claim, there's been a lot of discussion about these exclusions. If the legislature wanted to go further with the exclusions than what they listed, it would have been really easy for them to just say, and any private entities that provide services on behalf of these entities, or just exclude inmates from this statute altogether. As I mentioned previously, if Corizon operates out of a building right next to the jail, then I don't see how Corizon could be excluded. So the only exception is that they were providing this medical treatment inside the jail, but if they're providing medical treatment outside of a jail to people- But your client, the treatment was provided inside the jail? Yes, it was. So their argument is that the jail was geographically excluded. That might leave the second locations not excluded, but why would that include the first one? Well, again, we don't think it's the fact of the building. It's what Corizon is providing, and like I said, if an entity is subject to the law, it shouldn't matter whether or not the medical treatment's provided inside the jail or at the hospital down the street. You're still providing what is a public accommodation to people, and they haven't excluded health care providers that provide medical treatment to inmates. We just should not insert a limitation that the Oregon legislature did not insert itself. And about the legislative history, I don't think it's really helpful at all because the discussion was just basically whether or not jails are free to discriminate against their inmates and not be subjected to liability. You brought the complaint under federal question jurisdiction. Is there an independent basis of jurisdiction for the state law claim? Is there diversity jurisdiction? I don't know if there would have been diversity. I think there probably would have been. I don't have anything. I can't say that they're an Oregon corporation. I guess I can't dispute what you're saying. Your complaint says that it's a Delaware corporation. And I know they provide this kind of service all over the United States, so I can't dispute that. Thank you. Thank you very much. Thank you both for your arguments here today in Andrew Abraham v. Greisen Health. That is now submitted. I appreciate your presentation. So moving on to the last case on our calendar.
judges: Murguia, Hurwitz, Zipps